# LEE GREENSTEIN
### ATTORNEY AT LAW
-----------
TEL: (518) 475-9844
FAX: (518) 475-9846

125 ADAMS STREET, DELMAR, NY 12054

March 11, 2016


U.S. District Court Judge Gary L. Sharpe
United States Courthouse
445 Broadway
Albany, NY 12207


      **RE: USA v. Brian Belanger – 14-cr-406**

Dear Judge Sharpe;

This letter is written in reply to the Government's presentence memorandum and in further support of the defendant's request to receive a fifteen (15) year sentence.  In addition, attached is the defendants' letter to the Court.

The Government has cherry-picked Dr. Bashkoff's findings out of context in referencing her comments that he is a "situational pedophile" with "no ability to empathize or find compassion" (Government Presentence Memo, p. 5).  In the first instance, Dr. Bashkoff wrote that Brian has "some insight into the fact that he has inappropriate urges and sexual feelings.  He understands the need to learn new ways of coping and reducing his impulses … He understands the wrongfulness of his behavior.  He made no effort to project blame onto anyone else or minimize the seriousness of his actions" (Bashkoff, 10/16/14 report, p. 2-3).  Dr. Bashkoff's references to Brian's difficulty with empathy was only one part of his overall psychological make-up, but she ultimately finds as follows:

> Mr. Belanger understands his urges and impulses are inappropriate.   He understands his need for extensive treatment and supervision.  **Mr. Belanger is a candidate for sex offender treatment which would include building empathy**, managing impulses, increasing social skill deficits, and learning about normal healthy relationships. (Bashkoff, 10/16/14 report, p. 4) (emphasis added).

Dr. Bashkoff's reference to him as a "situational pedophile" was intended to reflect a mitigating factor, notwithstanding the Government's effort to use the term out of the context and meaning that it was intended.  It reflects, according to Dr. Bashkoff, an individual who will not prey or search for minors.  In all the allegations presented to this

1

court involving Brian, the targets were readily available. Even the victim in the indictment became a target in a manner through an on-line game, not in person, a commonplace form of social interaction today. However, this is a circumstance that will never be available to Brian in the future as he will never have unmonitored internet access on lifetime supervised release.

The Government chooses two courses in their PSR in advocating for a life sentence for this 23 year-old defendant. First, they ignore the well-accepted notion that the child pornography Sentencing Guidelines lack fairness and are out of scope and proportion. Second, they ignore all of the processes that have been put into place in order to provide protection for the community and that compel treatment for a defendant to overcome the mental illness that has led to acts associated with child pornography. In doing so, the Government seeks a simplistic result in seeking to imprison a mentally ill defendant for his remaining days on earth.

Coming from a prosecuting agency that traditionally seeks a Guideline sentence under almost all circumstances, the Government's position in their presentence memorandum is not altogether surprising. What is disconcerting, is that in seeking the incredibly drastic result of a life sentence, they act on fear and misplaced quotes from an expert narrative that makes the case that Brian would do well in treatment. The Government has not, prior to vociferously arguing to this Court to end an individual's days of freedom, sought their own evaluation, just misused Dr. Bashkoff's.

The reasoning for seeking a life-long punishment cannot be justified by the crimes committed, but rather the fear that the defendant's mental illness is incurable and he presents a life-long threat to children. It is accurate that Brian's conduct through the Internet was sex abuse that caused harm through repeated acts. However, those acts alone do not merit a life sentence, nor do they merit more than 15 years in prison when compared to the sentences received by individuals who commit in person, physical sexual abuse.

Some perspective of these acts is warranted:

- the videos produced were not shared or distributed with any individuals;
- the videos were not placed on the internet where they would available to anyone, forever;
- however damaging and abusive, there was no physical touching.


As this Court has articulated at child pornography sentencing's, short of having crystal ball magical powers, one can never know with certainty the extent to which one with pedophilic tendencies will be able to overcome the illness, or control the illness to live a law abiding life. But the conversation should not be whether life, or 150 years, is appropriate. When seeking to sentence a human being to life in prison the considerations should be what is appropriate, fair and necessary, in deciding how many years a young adult should be sentenced, knowing that he will receive treatment in prison, he will receive treatment after prison, that he will never have access to a computer, and that he

will never be allowed to around any minors without prior approval of that minor's parents and U.S. probation. Further, the consideration of what is necessary should take into account that he will be a registered sex offender under the watchful eye of law enforcement, and that he will face possible civil confinement beyond the federal and state prison sentences he faces.

The Government's answer to all that is to ask this Court to determine his fate for life now; that at age 23 the Court should determine with finality that he cannot be treated; that professionals in mental health, law enforcement, probation supervision, and civil confinement prosecution have no role, expertise or power. The Government's position not only ignores all of the protections and hope provided by those agencies and professionals, but also ignores the notion a 15 year sentence at a federal, secure, mental health facility geared to treat those with pedophilic tendencies will have any benefit, and that this will occur before these agencies are in place to further treat the defendant and provide community protection.

The government's answer is to urge this Court to discard this human life forever. We ask the Court to exercise its discretion under 18 USC §3553, recognize the excessiveness of the Sentencing Guidelines, and sentence Brian Belanger to the very significant prison term of 15 years.

Respectfully Submitted,

LEE GREENSTEIN, ESQ.
Federal Bar Roll 101859

cc: AUSA Lisa Fletcher
U.S. Attorney's Office
100 S. Clinton Street
Syracuse, NY 13261

Angela Bennett Rodriguez
US Probation
445 Broadway
Albany, NY 12207

3